UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PTG, INC., | No. 2:23-cv-00840-DAD-JDP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION AND MOTION FOR A TEMPORARY RESTRAINING ORDER |
| REPTILIAN NATION EXPO, et al. | |
| Defendants. | (Doc. No. 4) |

This matter is before the court on an *ex parte* application for a temporary restraining order filed by plaintiff PTG, Inc. on May 12, 2023. (Doc. No. 4.) For the reasons explained below, that application will be denied.

**BACKGROUND**

On May 4, 2023, plaintiff filed its complaint against defendants Reptilian Nation Expo and Ryan Minardi, seeking to enjoin them from using any words or symbols that resemble plaintiff's trademark. (Doc. No. 1 at 18.) In its complaint, plaintiff asserts the following seven causes of action: (1) a claim brought pursuant to 15 U.S.C. §§ 1114–1117 for trademark infringement; (2) a claim brought pursuant to 15 U.S.C. § 1125(a) for federal unfair competition; (3) a claim brought pursuant to 15 U.S.C. § 1125(c) for trademark dilution; (4) a claim brought pursuant to California Business & Professions Code §§ 14245, 14247, and 14250 for dilution and trademark infringement; (5) a claim brought pursuant to California Business & Professions Code

1

1  § 17200 for unfair competition; (6) a claim for unjust enrichment; and (7) a claim for conspiracy
2  to violate the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.
3  § 1962(c). (*See id*. at 11–14.)

4  In its complaint, plaintiff alleges as follows. Plaintiff has a registered trademark in the
5  mark "Sacramento Reptile Show," and defendants have violated its trademark by using the mark
6  "Reptilian Nation Expo." (*Id.* at ¶¶ 2–3.) According to plaintiff, the use of Reptilian Nation
7  Expo in offering products and services that are nearly identical or equivalent to those of plaintiff
8  creates a false impression that the two expos are somehow associated, affiliated, connected,
9  approved, authorized, or sponsored by plaintiff when, in fact, they are not. (*Id.* at ¶ 10.) On or
10 about November 8, 2021 and April 18, 2023, plaintiff issued cease and desist letters to
11 defendants. (*Id.* at ¶ 4.) Plaintiff alleges that defendants have nonetheless continued to willfully
12 and knowingly infringe, without legal justification, on plaintiff's trademark rights. (*Id.* at ¶ 5.)

13 On May 12, 2023, plaintiff filed the pending *ex parte* application for a temporary
14 restraining order. (Doc. No. 4.) Plaintiff filed a declaration from its counsel in support of the
15 pending application, and in that declaration, plaintiff's counsel states the following: "On May 10,
16 and May 11, 2023, my office called Defendant of Plaintiff's intention to appear ex parte to obtain
17 a temporary restraining order against Defendants from using the same or similar trademark," and
18 "I have not received any response from Defendant. Defendant has been actively avoiding
19 Plaintiff and Plaintiff's counsel." (Doc. No. 4-2 at ¶¶ 5, 6.)

20 Defendants have not yet appeared in this action, and although the summons was issued on
21 May 5, 2023, there has not been an executed summons filed on the docket of this case reflecting
22 that defendants have been served with the summons and complaint.

### LEGAL STANDARD

24 The standard governing the issuing of a temporary restraining order is "substantially
25 identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v.*
26 *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for
27 preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
28 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## DISCUSSION

**A.     Procedural Issues**

Before turning to the merits of plaintiff's application for a temporary restraining order, the court finds that denial of plaintiff's application is appropriate on procedural grounds alone.

First, plaintiff has not articulated why it could not have sought the injunctive relief it now seeks at an earlier date. Local Rule 231(b), which governs the timing of motions for temporary restraining orders, states in full:

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's

3

>allegations of irreparable injury and may deny the motion solely on either ground.

L.R. 231(b). In its motion, plaintiff represents that it sent cease and desist letters to defendants on November 8, 2021 and April 18, 2023. (Doc. No. 4-1 at 3.) Thus, by plaintiff's own representation, plaintiff learned of defendants' alleged trademark infringement no later than November 8, 2021. However, plaintiff offers no explanation for its delay in seeking a temporary restraining order for over a year and a half thereafter, and plaintiff has made no showing to suggest that it could not "have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L.R. 231(b); *see also Occupy Sacramento v. City of Sacramento*, 2:11-cv-02873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov.4, 2011) (denying an application for a temporary restraining order due to twenty-five-day delay in seeking that relief); *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-cv-00784-MCE, 2013 WL 1819988, at *7 (E.D. Cal. Apr. 30, 2013) (denying an application for a temporary restraining order due to a six-month delay in seeking that relief). Plaintiff's failure to seek injunctive relief for over one year and a half contradicts its claim that it will suffer irreparable harm, which is imminent in nature, if the requested temporary restraining order does not issue. Under the circumstances of this case, the court finds that plaintiff's unexplained delay of over one year and six months in seeking emergency relief constitutes an "undue delay" under Local Rule 231(b).

The court also notes that plaintiff has not complied with Local Rule 231(c), which requires that a motion for a temporary restraining order include "a proposed temporary restraining order with a provision for a bond" and "a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance." L.R. 231(c)(6)–(7). Plaintiff has not met either of these requirements. This failure, on its own, may not have led the court to deny plaintiff's motion for a temporary restraining order, but when combined with the other deficiencies of plaintiff's pending motion, it provides a further basis for denial.

/////

4

**B.    Substantive Issues**

Finally, the court concludes that the plaintiff has failed to meet its burden under the *Winter* standard. Plaintiff's motion for a temporary restraining order fails to demonstrate satisfaction of even the first factor—its likelihood of success on the merits. In its pending motion, plaintiff provides only a cursory argument as to why it is likely to succeed on the merits of this action. Specifically, plaintiff simply offers the following:

> Plaintiff is entitled to relief if it appears from the complaint that she is entitled to the relief demanded. Code Civ. Proc. § 526(a). Here, by all appearances, Plaintiff is entitled to relief.
>
> Plaintiff is likely to prevail on Trademark Infringement claims as Defendants are impermissibly using the same or similar trademark to market their business. Defendants are aware of this and have been on notice of the same. The effects of any damage to Plaintiff's reputation could be catastrophic not only to the brand that it built over nearly thirty years but also to its aspiration of expanding its business nationwide. It is unfair and unjust to allow Defendants to retain control over the same or similar trademark via false representations and unauthorized use, which would potentially damage Plaintiff's reputation permanently. Plaintiff has a high probability of success on its claims and thus a temporary restraining order and preliminary injunction are appropriate.

(Doc. No. 4-1 at 6.) These conclusory statements are clearly insufficient to support the issuance of a temporary restraining order. Plaintiff omits any reference to the relevant law or elements of its seven causes of action, let alone why it is likely to succeed on the merits of those claims. Temporary injunctive relief will not be granted "unless the movant, by a clear showing, carries the burden of persuasion" of showing a likelihood of success on the merits. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Because plaintiff's arguments are devoid of the factual and legal analysis necessary to establish its likelihood of success on the merits, plaintiff has clearly not met its burden. Accordingly, plaintiff's application for a temporary restraining order will be denied.[1]

---

[1] Should it determine it is appropriate to do so, plaintiff may file a properly noticed motion for preliminary injunctive relief. The court notes, however, that plaintiff must provide more than conclusory assertions to carry its burden of demonstrating that preliminary injunctive relief is warranted, and a simple repackaging of its *ex parte* application for a temporary restraining order will be plainly insufficient.

**CONCLUSION**

For the reasons explained above, plaintiff's *ex parte* application for a temporary restraining order (Doc. No. 4) is denied.

IT IS SO ORDERED.

Dated:   **May 22, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE